**Robert Bruce KUNHART, Plaintiff—Appellant,**

v.

**Richard J. BRESCIA; et al., Defendants,**

and

**Prison Health SVC., Defendant— Appellee.**

No. 03–17310.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Robert Bruce Kunhart, Lompoc, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David J. Mortensen, Esq., Diane Carr Roth, Steven E. Stuehser, Seetal Tejuta, Alverson Taylor Mortensen Nelson & Sanders, Las Vegas, NV, for Defendant–Appellee.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Robert Bruce Kunhart, a California state prisoner previously incarcerated in Nevada, appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging defendants used excessive force during his arrest and subsequently acted with deliberate indifference to his serious medical needs during his incarceration. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's determination that a prisoner failed to exhaust administrative remedies de novo, and factual determinations for clear error. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003). We reverse and remand.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust "such administrative remedies as are available" before filing a federal action. 42 U.S.C. § 1997e(a). However, the PLRA does not impose a pleading requirement; "defendants have the burden of raising and proving the absence of exhaustion." *See Wyatt*, 315 F.3d at 1119.

In support of its motion to dismiss this action for failure to exhaust under the PLRA, defendant Prison Health Services argued that Kunhart failed to comply with the grievance process established by the Nevada Department of Corrections ("NDC") Administrative Regulations. However, the verified complaint shows that Kunhart was incarcerated at the Las Vegas City Jail, and the defendant presented no evidence that this facility is subject to NDC regulations. In fact, to demonstrate the grievance form Kunhart should have filed, defendant offered a sample "Las Vegas Metropolitan Police Department Inmate Request/Grievance," (Form LVMPD DSD 11), not an official NDC grievance form.

Kunhart's verified statements that he submitted medical requests using the official forms available to him are supported by evidence demonstrating that he filed several requests for medical treatment using both "Department of Detention and Enforcement Inmate Request for Assistance" (D & E Form–34), and "Inmate Medical Request Form" (Form CC 018). Because defendant failed to provide evidence showing that Las Vegas regulations required Kunhart to seek assistance using a specific written form, or that such a form was available at the Las Vegas jail, the district court erred in concluding that defendant met its burden of establishing that Kunhart failed to exhaust available administrative remedies. *See Wyatt*, 315 F.3d at 1120.

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.